# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ILLINOIS BELL TELEPHONE COMPANY, INC., | )<br>)<br>) Case No: 06 C 3431 |
| Plaintiff, | )<br>) |
| v. | ) Judge John W. Darrah<br>) |
| GLOBAL NAPS ILLINOIS, INC.;<br>GLOBAL NAPS INC.; GLOBAL NAPS<br>NEW HAMPSHIRE, INC.;<br>GLOBAL NAPS NETWORKS, INC.;<br>GLOBAL NAPS REALTY, INC.;<br>and FERROUS MINER HOLDINGS,<br>LTD, | )<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Pending before this Court are Defendants', Ferrous Miner's and Global Naps New Hampshire's, motions to strike and to dismiss.

## BACKGROUND

On December 20, 2006, Plaintiff, Illinois Bell Telephone Company, filed an amended complaint adding new defendants, including Ferrous Holdings, Ltd, and Global Naps New Hampshire, Inc. (respectively, "Ferrous" and "Naps NH"), to the previously named Global Naps Defendants. All present Defendants are Delaware corporations with their principal place of business at the same Massachusetts address. Defendant, Global Naps Illinois, Inc., is certified by the Illinois Commerce Commission to provide telecommunication services in Illinois; and Plaintiff alleges that Global Naps Illinois, Inc. does in fact conduct such business. Plaintiff alleges that Defendants order and receive services and facilities from Plaintiff that enable them to provide competitive telecommunication services. The prices,

terms and conditions that apply to these services are set forth by the interconnection agreement between the two parties and by Plaintiff's federal and state tariffs. Since at least July 2002 and continuing to the present, Plaintiff alleges that Defendants, in violation of the interconnection agreement between the two parties and Plaintiff's federal and state tariffs, have failed to compensate Plaintiff for services rendered. Plaintiff further alleges that the purported interrelated corporate structure of all the Defendants in this action are a "sham." Plaintiff argues that all Defendants should be treated as a single enterprise.

Ferrous and Naps NH filed motions to dismiss for failure to state a claim and lack of personal jurisdiction and also a motion to strike Exhibit C of Plaintiff's response memorandum, a 1995 Central District of California opinion pertaining to similar litigation in which Frank T. Gangi, Director or President of all of the entities named in the instant Complaint, was involved.

## ANALYSIS

### Motion to Dismiss for Lack of Personal Jurisdiction

Ferrous and Naps NH argue that this Court lacks personal jurisdiction. "[W]hen [a] district court rules on a defendant's motion to dismiss based on the submission of written materials, without the benefit of an evidentiary hearing, . . . . the plaintiff 'need only make out a *prima facie* case of personal jurisdiction.'" *Purdue Research Found v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003), *quoting Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002). The plaintiff bears the burden of demonstrating the existence of personal jurisdiction. *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1275 (7th Cir. 1997) (*RAR*). The allegations in the complaint are taken as true unless controverted by the defendants' affidavits. Any conflicts in the affidavits submitted by the parties are resolved in favor of the plaintiff.

2

*See Berthold Types Ltd. v. European Mikrograph Corp.*, 102 F. Supp. 2d 928 (N.D. Ill. 2000), citing *Turncock v. Cope*, 816 F.2d 332, 333 (7th Cir. 1987).

A federal district court in Illinois has jurisdiction over a non-resident defendant if an Illinois state court would have jurisdiction over that defendant. *See RAR*, 107 F.3d at 1275. A plaintiff must also show that the exercise of personal jurisdiction over the defendant comports with due process under the Fourteenth Amendment of the United States Constitution. *Euromarket Designs, Inc. v. Crate & Barrel Ltd.*, 96 F. Supp. 2d 824, 833-34 (N.D. Ill. 2000) (*Euromarket*). The Fourteenth Amendment Due Process Clause permits a court to exercise jurisdiction over a nonresident only if the defendant has had "certain minimum contacts with [the state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945), *quoting Milliken v. Meyer*, 311 U.S. 457, 463 (1940); *Nueman & Assoc. v. Florabelle Flowers*, 15 F.3d 721, 725 (7th Cir. 1994).

The Illinois long-arm statute provides, in part, that personal jurisdiction may be exercised over defendants that commit certain enumerated acts within Illinois or "on any other basis . . . permitted by the Illinois Constitution and the Constitution of the United States." 735 ILCS § 5/2-209(a)(2), (c). Because of this broad statute, "the statutory analysis collapses into a due process inquiry, and [the court] need not consider whether the defendants engaged in any of the acts enumerated in the long-arm statute." *Euromarket*, 96 F. Supp.2d at 834, *quoting LFG, LLC. v. Zapata Corp.*, 78 F. Supp. 2d 731, 735 (N.D. Ill. 1999).

In the present case, Plaintiff concedes that this Court does not have jurisdiction over Ferrous and Global NH as separate entities; they have no contacts with the State of Illinois. Instead, Plaintiff argues that this Court has jurisdiction over Ferrous and Global NH because

3

these two entities operate only as a shell and are really the same entity as Global Naps Illinois, Inc., an entity with sufficient contacts with the State of Illinois to be subject to its jurisdiction. Thus, Plaintiff argues that, at least for jurisdictional purposes, the corporate veil of Ferrous and Global NH should be pierced.

When determining whether to pierce the corporate veil, a court applies the law of the state of incorporation. *See Stromberg Metal Works, Inc. v. Press Mech., Inc.*, 77 F.3d 928, 933 (7th Cir. 1996). Here, Ferrous and Global NH are both Delaware corporations; thus, Delaware law applies. Under Delaware law, the corporate veil may be pierced where there is fraud or where a subsidiary is in fact a mere instrumentality or alter ego of the parent. *See Geyer v. Ingersoll Pub. Co.*, 621 A.2d 784, 678 (Del. Ch. 1992). Relevant factors in the determination of whether the subsidiary is merely an instrumentality or alter ego include: (1) whether the dominant shareholders siphoned corporate funds; (2) whether the corporation is a facade for the dominant shareholders; (3) whether the corporation was solvent and adequately capitalized; and (4) whether corporate formalities were followed, including payment of dividends and separate corporate records. *See Alberto v. Diversified Group, Inc.*, 1989 WL 110537 (Del. Ch. Sept 19, 1989). Piercing the corporate veil may only be done if it is in the interest of justice "when such matters of fraud, contravention of law or contract, public wrong, or where equitable consideration among members of the corporation. . . . are involved." *Pauley Petroleum Inc. v. Continental Oil Co.*, 239 A.2d 629, 633 (Del. 1968).

Defendant argues that the heightened standard for jurisdictional veil piercing articulated in *Cannon Mfg. Co. v. Cudahy Packing Co.*, 267 U.S. 333 (1925) (*Cannon*), is appropriate in the present case. However, the validity of *Cannon* is in doubt. *Gruca v. Alpha Therapeutic Corporation*, 19 F. Supp. 2d 862, 865-66 (N.D. Ill. 1998) (*Gruca*), *citing Gantzert v. Holz-Her*

4

*U.S., Inc.*, 1994 WL 532134, at *4 (N.D. Ill. 1994); Daniel J. Brown, *Jurisdiction over a Corporation on the Basis of the Contacts of an Affiliated Corporation: Do You Have to Pierce the Corporate Veil?*, 61 U. Cin. L. Rev. 595 (1992); Lea Brilmayer & Kathleen Paisley, *Personal Jurisdiction and Substantive Legal Relations: Corporations, Conspiracies and Agency*, 74 Calif. L. Rev. 1 (1986). Since the 1925 *Cannon* decision, the constitutional standards for exercising jurisdiction have been drastically revised. *See International Shoe Co. v. Washington*, 326 U.S. 310 (1945). *Cannon* never purported to set out the constitutional limits for when jurisdiction may be exercised over a parent corporation based on the activities of its subsidiary. *Gruca*, 19 F. Supp.2d at 866.

The relevant inquiry is whether, when taking into consideration the aforementioned alter ego factors, the corporate veil of Ferrous and Naps NH can be pierced. *See Catalina Marketing International, Inc. v. Coolsavings.com, Inc.*, 2003 WL 21542491 (N.D. Ill. 2003) (*Catalina*). The alter ego factors are useful in determining whether to pierce the corporate veil. Adherence to each and every factor is not necessary in order to find that a subsidiary is an alter ego of a corporation; instead, only adherence to some combination of factors is required. *Harco National Insur. Co.*, 1989 WL 110537 at *5 (Del. Ch. 1989) (*Harco*), citing *United States v. Golden Acres, Inc.*, 702 F. Supp 1097, 1104 (D. Del. 1988). Here, with regards to Naps NH, Plaintiff does not allege that corporate funds have been siphoned nor that Ferrous and Naps NH are insolvent. Plaintiff does, however, make supported allegations that Naps NH is a facade for the dominant shareholder. Specifically, Plaintiff alleges that Naps NH functions as nothing but a bank account for its parent and that corporate formalities were not followed. Plaintiff also alleges that Naps NH shares a common cash pool with its fellow subsidiaries and its parent, that Naps NH frequently transfers valuable assets to its subsidiaries

without consideration or documentation, and that Naps NH does not file a separate income tax return. Thus, Naps NH's corporate veil may be pierced for jurisdictional purposes; and Plaintiff has made a *prima facie* showing that this Court has jurisdiction over Naps NH.

Plaintiff does not make the same supported allegations as to Ferrous. Plaintiff alleges that Ferrous has divided functions and assets between the Global Naps Defendants so as to divorce revenues from liabilities, that Ferrous does not observe formal corporate legal requirements, that Ferrous shares the same business address as its subsidiaries, that Ferrous has common directors and officers, and that there is common stock ownership between Ferrous and its subsidiaries. While the first two allegations support the fourth and second factor of the alter ego inquiry, the persuasiveness of the remaining allegations, with regards to any of the other four factors, is lacking. Thus, the minimal allegations are not enough to allow Ferrous' corporate veil to be pierced; and Plaintiff has failed to make a *prima facie* showing that this Court has jurisdiction over Ferrous.

*Motion to Dismiss for Failure to State a Claim*

Because this Court does not have personal jurisdiction over Ferrous, the Court need not rule on Ferrous's motion to dismiss for failure to state a claim. Naps NH argues that Plaintiff's claim should be dismissed because Plaintiff fails to allege facts that warrant disregarding the separate existence of Naps NH and its parent and subsidiaries.

In reviewing a motion to dismiss, the court considers all allegations in the Complaint and any reasonable inferences drawn therefrom in the light most favorable to the plaintiff. *See Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). A filing under the Federal Rules of Civil Procedure should be "short and plain," and it suffices if it notifies the defendant of principal events. *Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir.

6

2003) (*Hoskins*). A plaintiff is not required to plead the facts or the elements of a claim, with the exceptions found in Federal Rule of Civil Procedure 9 (Pleading Special Matters, *i.e.*, fraud, mistake, etc.). *See Swierkiewicz v. Sorema*, 534 U.S. 506, 511 (2002); *Kolupa v. Roselle Park Dist.*, 438 F. 3d 713, 713 (7th Cir. 2006) (*Kolupa*). In other words, any movant "tempted to write 'this Complaint is deficient because it does not contain. . . .' should stop and think: What rule of law *requires* a Complaint to contain that allegation?" *Kolupa*, 438 F.3d at 713, *quoting Doe v. Smith*, 429 F.3d 706, 708 (7th Cir. 2005) (emphasis in original).

Naps NII argues that Plaintiff has failed to show the combination of alter ego factors required to pierce the corporate veil. However, as discussed above, Plaintiff has sufficiently pled a claim for piercing the corporate veil as to Naps NII. Accordingly, Naps NH's motion to dismiss for failure to state a claim is denied.

### Motion to Strike

Naps NII and Ferrous argue that Exhibit C of Plaintiff's response memorandum should be stricken. Exhibit C is a Findings of Fact and Conclusions of Law Memorandum by another United States District Court Judge in a different proceeding that suggests that a declarant for Defendants in this case falsely testified.

"Upon motion made by a party before responding to a pleading . . . . the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12 (f). "Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable that would be without the evidence." Fed. R. Evid. 401. Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or

7

misleading the jury . . ." Fed. R. Evid. 403. Evidence of other crimes, wrongs, or acts to prove the character of a person in order to show he likely acted in conformity therewith on a particular occasion is inadmissible. Fed. R. Evid. 404(b). This type of evidence is of slight probative value and tends to distract the trier of fact from the important issues. *United States v. Smith*, 103 F.3d 600, 602 (7th Cir. 1996).

Proof may be made of a person's conduct only in cases which character or character trait of a person is an essential element of a charge, claim, or defense (Fed. R. Evid. 405(a)); but, introduction of extrinsic evidence of "specific instances of conduct" to attack credibility, other than convictions of crimes, is inadmissible.

Here, Exhibit C is not relevant to whether this Court has personal jurisdiction over Ferrous and Naps NH or whether Plaintiff has stated a claim upon which relief can be granted. Assuming, arguendo, that this is not the case, Exhibit C is also inadmissible because, at the very least, it is propensity evidence, barred by Fed R. Evid. 404(b).

## CONCLUSION

For the foregoing reasons, Ferrous's motion to dismiss for lack of personal jurisdiction is granted. Ferrous's motion to dismiss for failure to state a claim is denied as moot. Naps NH's motion to dismiss for lack of personal jurisdiction and for failure to state a claim is denied. Defendants' motion to strike is granted; Exhibit C of Plaintiff's response brief is stricken.

Dated: 5-23-07

JOHN W. DARRAH
United States District Court Judge

8